UNITED STATES DISTRICT COURT
Southern District of Ohio
Eastern Division

| | |
|---|---|
| KRISTY GOUDY,<br>735 Baker Avenue, N.W.<br>New Philadelphia, Ohio 44663<br><br>    PLAINTIFF<br><br>v.<br><br>STATE PERSONNEL BOARD OF REVIEW<br>65 East State Street, Suite 1200<br>Columbus, Ohio 43215<br><br>SHANE TRACE<br>*In both his official and individual capacity*<br>State Personnel Review Board<br>65 East State Street, Suite 1200<br>Columbus, Ohio 43215<br><br>    DEFENDANTS | CASE NO.<br><br><br><br><br>Jury Demand Endorsed Hereon |

**PLAINTIFF'S COMPLAINT**

## I.    PRELIMINARY STATEMENT

1. Plaintiff, Kristy Goudy, seeks declaratory, equitable, injunctive, and monetary relief for violations of her Fifth and Fourteenth Amendment Rights. Defendants' conduct violated Plaintiff's Constitutionally protected rights and resulted in Plaintiff being terminated from her employment without adequate pre-deprivation and post-deprivation process.

## II.    PARTIES

2. Plaintiff Kristy Goudy ("Plaintiff") is a citizen of Tuscarawas County, Ohio, and was an employee of the Tuscarawas County Public Defender's Office ("TCPD").

3. TCPD is a county statutory entity and political subdivision that represents indigent clients of Tuscarawas County charged with crimes or violations of child support orders.

1

4. Defendant, the Ohio State Personnel Board of Review ("SPBR") is an Ohio statutorily created entity that is tasked with hearing appeals of employees in the classified state service from final decisions of appointing authorities or the director of administrative services relative to reduction pay or position, job abolishments, layoff, suspension, and discharge pursuant to the provisions of Chapter 124 of the Ohio Revised Code.

5. Defendant, Shane Trace is employed as a Program Administrator in the State Employment Relations Board. In this capacity, Mr. Trace is responsible for preparing, filing, and certifying the administrative record developed in SPBR hearings for appeals to the Courts of Common Pleas.

### III. JURISDICTION & VENUE

6. This is an action under 42 U.S.C. § 1983 for damages arising out Defendants' violations of Plaintiff's Constitutional rights and her discharge from employment with the TCPD.

7. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights).

8. Declaratory, equitable, and injunctive relief is sought pursuant to 28 U.S.C. §§ 2201; 2202 and 42 U.S.C. § 1983.

9. Compensatory and punitive damages may be awarded under 42 U.S.C. § 1983.

10. Cost and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988 and Fed. R. Civ. P. 54.

11. Venue is proper in this forum because one or more of the Defendants reside in this District and or the acts or omissions giving rise to Plaintiff's injuries occurred in this district.

### IV. STATEMENT OF FACTS

12. Plaintiff was employed with TCPD starting on August 19, 1996, as a Secretary.

13. In this position, Plaintiff supported two Assistant Public Defenders with filing, scheduling, taking calls, answering routine questions from clients, and performing other administrative support tasks.

14. As a county employee in the classified civil service, Plaintiff had a protected property interest in her job.

15. On July 27, 2018, TCPD conducted a pre-disciplinary hearing to address charges against Plaintiff for several alleged policy infractions.

16. A February 2018 written reprimand was Plaintiff's only prior discipline.

17. On August 31, 2018, TCPD issued an order of removal to Plaintiff from her employment of 22 years with TCPD.

18. The removal order adopted the alleged policy infractions, notwithstanding that the administrative hearing officer had exculpated Plaintiff on some of the alleged infractions.

19. On November 6, 2018, TCPD rescinded the above-described removal order, and issued Plaintiff an order to return to work on November 7, 2018.

20. On November 7, 2018 TCPD served Plaintiff with a second order of removal, and asserted that Plaintiff was an unclassified employee and was not entitled to rights under O.R.C. § 124.34.

21. Plaintiff appealed both removal orders to the SPBR pursuant to O.R.C. § 124.34.

22. On April 2 and April 3, 2019, an evidentiary hearing was conducted by an Administrative Law Judge of the SPBR on Plaintiff's appeal of the removal from her employment.

23. On May 15, 2019, the Administrative Law Judge issued a Report and Recommendation that concluded the removal should be modified to a 10-day suspension, and that Plaintiff should be reinstated to her employment.

24. On September 18, 2019, the SPBR issued an order affirming the above-referenced Report and Recommendation, and directing that the Plaintiff be reinstated to her employment with TCPD.

25. On October 2, 2019, the TCPD appealed the SPBR's Order to the Tuscarawas County Common Pleas Court pursuant to O.R.C. § 119.12.

26. Under O.R.C. § 119.12, "[w]ithin thirty days after receipt of a notice of appeal from an order in any case in which a hearing is required by sections 119.01 to 119.13 of the Revised Code, the agency shall prepare and certify to the court a complete record of the proceedings in the case."

27. Additionally, this statute states that a "[f]ailure of the agency to comply within the time allowed, upon motion, shall cause the court to enter a finding in favor of the party adversely affected."

28. The SPBR was the entity responsible for ensuring the timely preparation, certification, and filing of a complete record of proceedings in the event of an appeal from a decision of the SPBR.

29. In this case, the SPBR delegated its responsibility for the timely preparation, certification, and filing of a complete record to Defendant Shane Trace.

30. On October 29, 2019, the SPBR sent an administrative record to the Tuscarawas Court of Common Please but omitted a transcript of a portion of the hearing before the SPBR.

31. In fact, the transcript was not received by the Tuscarawas Court of Common Pleas until February 6, 2020, well outside the thirty day limit set by O.R.C. § 119.12.

32. Despite the failure to timely submit this portion of the hearing transcript, on September 15, 2020, the Tuscarawas County Court of Common Pleas affirmed the order of the SPBR.

33. On October 15, 2020, the TCPD appealed the decision of the Tuscarawas County Court of Common Pleas to Ohio's Fifth District Court of Appeals.

34. On October 21, 2020, TCPD ordered Plaintiff to report to work at her former position of secretary at the TCPD and directed her to complete employment documents characterizing her as a "new employee."

35. On May 20, 2021, the Fifth District Court of Appeals found that because the SPBR had failed to timely file the complete record the TCPD was entitled to have the removal of Plaintiff reinstated.

36. On July 1, 2021, Plaintiff filed a Notice of Appeal with Ohio Supreme Court based on the Fifth District Court of Appeals' decision.

37. When Plaintiff prevailed in her appeal to SPBR obtaining an order of reinstatement to her position, and TCPD appealed SPBR's order, SPBR's failure to comply with the statutory requirement to transmit the complete record of proceedings within thirty days and/or move for an additional thirty days leave to achieve transmission of the record, she was deprived of her constitutionally protected property interest and was stripped of the rights guaranteed by the U.S. Constitution, including procedural due process rights.

38. Plaintiff's termination from the TCPD caused her substantial economic, reputational, and psychological injury.

39. Plaintiff has been damaged by Defendants' depriving Plaintiff of due process such that she is entitled to damages, including, but not limited to, back pay, front pay, damages for emotional distress, and attorney's fees.

40. Defendants' actions and omissions described the preceding paragraphs show that Defendants acted recklessly, with malice, and/or with a willful disregard for Plaintiff's rights.

## V. CLAIMS

### Count 1 – 42 U.S.C. § 1983
### Unconstitutional Deprivation of Due Process

41. Plaintiff repeats and realleges the allegations contained in the preceding paragraphs as if fully restated herein.

42. When Plaintiff was terminated from TCPD, and her ability to obtain post-deprivation remedial relief through her appeal to SPBR due to their statutory noncompliance in the transmission of the administrative record to common pleas court, she was deprived of her constitutionally protected property interest without adequate procedural due process guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

43. Defendants' failure to timely file the record of the SPBR proceeding allowed the TCPD's unjustified removal of Plaintiff to stand and destroyed Plaintiff's due process right.

44. By failing to comply with state law for transmission of the administrative record under R.C. Sec. 119.12(I) resulting in the award of judgment to TCPD, Defendants caused Plaintiff substantial economic, reputational, emotional, and psychological injury and sent a message that would deter a person of ordinary firmness from exercising, or continuing to engage in the exercise of constitutionally protected rights.

45. Defendants' statutory noncompliance depriving Plaintiff of adequate procedural due process violated Plaintiff's property interest in her employment and related compensation and retirement benefits.

6

46. Plaintiff has been damaged by Defendants' statutory noncompliance in the circumstances set forth above such that she is entitled to damages including, but not limited to, back pay, front pay, damages for emotional and psychological injuries and attorney fees.

### Count 2 – 42 U.S.C. § 1983 Policy Claim

47. Plaintiff repeats and realleges the allegations contained the preceding paragraphs as if fully restated herein.

48. At all times material to the allegations in this Complaint, the SPBR had interrelated *de facto* policies practices, and customs that included, among other deficiencies: the failure to properly hire, train, supervise, discipline, transfer, monitor, counsel, and/or otherwise ensure persons tasked with timely certifying and filing complete records of proceedings, including Defendant Trace, carried out the tasks necessary to avoid the deprivation of due process rights.

49. When an appeal from a decision of the SPBR is made to a Court of Common Pleas, these interrelated *de facto* policies, practices, and/or customs cause the filing of incomplete records of proceedings before the SPBR, untimely filing of records, untimely rectification of failures to file complete records, and/or other failures that directly cause a deprivation of due process rights.

50. SPBR was on notice that failure to file the record timely under the statute would result in deprivation of due process rights to prevailing parties.  The Tenth District's decision in Eggers v. State Personnel Bd. of Rev., Case No. 78AP-291, 1978 Ohio App. LEXIS 8536, (C.A. 10, Franklin, 9/26/78)(employee appealed SPBR's decision affirming the abolishment of his position, appellant's evidence of bad faith layoff was omitted, and, thus, employee entitled to judgment based on SPBR's failure to certify the complete record).

51. In the transmission of the record, SPBR further failed to file audio recordings of the hearing.[1]

52. The *de facto* policies, practices, and/or customs alleged in this Complaint separately and together are the proximate cause of the injury to Plaintiff.

53. Ultimately, Defendant Trace had reason to believe that his failures related to Plaintiff's employment would not be discovered or result in any type of disciplinary action.

54. Moreover, SPBR policies, practices, and customs are woefully insufficient to protect the constitutional right to due process afforded to persons like Plaintiff. These policies, practices, and customs related to situations like Plaintiff's are so deficient as to amount to knowing disregard for the due process rights of parties like Plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that this Court grant her:

    a. Lost past and future wages and benefits in excess of $75,000;
    b. Compensatory damages;
    c. An amount in excess of $75,000 in compensatory damages for emotional and psychological injuries;
    d. Punitive damages;
    e. Attorney fees and costs;
    f. Prejudgment and post judgment interest;
    g. Such other equitable and further relief that may be just and appropriate.

(Signature on following page)

---

[1] SPBR's Audio Recordings Have Never Been in the Certified Record; the existence of an audio recording of the hearing before ALJ Geis on April 3, 2019 is undisputed.

Respectfully submitted,

/s/ *Michael A. Moses*
Michael A. Moses (0025243)
Moses Law Offices, LLC
136 W. Mound Street – Suite 100
Columbus, Ohio 43215-5020
Phone: (614) 224-7294
Email: michaelmoses@moseslawllc.com

And

Patrick Kasson (0055570)
Kenton H. Steele (0096906)
Reminger Co., L.P.A.
200 Civic Center Drive, Suite 800
Columbus, Ohio 43215
Phone: (614) 228-1311
Email: pkasson@reminger.com
       ksteele@reminger.com

*Counsel for Plaintiff, Kristy Goudy*

## **Jury Demand**

Plaintiff demand a trial by jury on all issues so triable.

/s/ *Michael A. Moses*
Michael A. Moses (0025243)
Moses Law Offices, LLC
136 W. Mound Street – Suite 100
Columbus, Ohio 43215-5020
Phone: (614) 224-7294
Email: michaelmoses@moseslawllc.com

*Counsel for Plaintiff, Kristy Goudy*